```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

HAROLD BERRY,

      Plaintiff

v.                                        Civil Action No.: 2:04-441

JO ANNE BARNHART,
Commissioner of
Social Security,

      Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, filed August 30, 2005.

I.

Plaintiff Harold Berry, now 57, filed an application for supplemental security income ("SSI") benefits on April 15, 1998 alleging disability as of December 1, 1992, as a result of back pain and a lung impairment. (Tr. at 104-105, 116.)

1

Plaintiff's application was denied initially and upon reconsideration.  (Tr. at 62-71, 157-164, 171-187.)  Following a hearing, on September 14, 1999, an administrative law judge ("ALJ") determined the plaintiff was not entitled to SSI benefits.  (Tr. at 21.)  The plaintiff appealed to the Appeals Council, who remanded the plaintiff's case to the ALJ for a de novo hearing.  The second administrative hearing was held on October 22, 2002, before the Honorable John Murdock.  (Tr. at 405-455.)  On November 13, 2002, the ALJ issued a decision concluding that plaintiff was not "disabled" within the meaning of the Act and, thus, not entitled to SSI benefits. (Tr. at 21-33.)  The November 2002 decision became the final decision of the Commissioner on March 17, 2004, when the Appeals Council denied the plaintiff's request for review. (Tr. at 12-17.)  On May 7, 2004 plaintiff sought judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g). (PFR at 2.)

On August 30, 2005 the magistrate judge issued proposed findings and recommendation, finding the ALJ's decision was supported by substantial evidence and recommending the Commissioner's decision denying plaintiff benefits be affirmed. (PFR at 5.)  Plaintiff filed objections on September 7, 2005, arguing the magistrate judge erred in finding (1) the ALJ

2

properly concluded the plaintiff was not illiterate, and thus, was not disabled under the Medical Vocational Guidelines, Rule 202.09; (2) the hypothetical question posed to the vocational expert was proper; and (3) the fact that the vocational expert did not quantify the number of available janitorial jobs did not render her testimony defective. (Pl. Obj. 1-3.)

## II.

Plaintiff contends the magistrate judge failed to appreciate that one can be illiterate and still have the "ability in reasoning, arithmetic and language skills which are needed to do simple, unskilled jobs."[1] (Pl. Obj. at 1.) Plaintiff further argues that being "illiterate" and "having the ability to do

---

[1] Plaintiff seeks to establish he is "illiterate" under rule 202.09, which provides that an individual closely approaching advanced age (ages 50 through 55), who is illiterate or unable to communicate in English and whose previous work experience is unskilled is disabled when his residual functional capacity is limited to light work as a result of severe medically determinable impairments. However, rule 202.00(g) points out that, while illiteracy may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, literacy or ability to communicate in English has the least significance. Illiteracy is not defined within those rules, but is defined in 20 C.F.R. § 404.1564(b)(1), discussed <u>infra</u>.

simple, unskilled types of jobs" are not mutually exclusive, since someone who is illiterate could carry out short and simple instructions so long as they were verbal. (Id.) To the extent plaintiff is seeking to challenge the magistrate judge's conclusion that plaintiff was not illiterate, but rather had a marginal education, plaintiff's contentions misconstrue both the guidelines and the evidence.

A brief discussion of the applicable guidelines is useful for an analysis of plaintiff's argument. Under the guidelines, illiteracy is a level of education used to determine one's ability to meet vocational requirements. 20 C.F.R. § 404.1564(a). Education is assessed by considering plaintiff's schooling and any other training. Id. If there is no other evidence to contradict it, then plaintiff's numerical school grade level is used to determine his educational level. Id. at § 404.1564(b). There are only four categories of education under the guidelines: illiteracy, marginal education, limited education, and high school education and above. Id. at § 404.1564(b)(1)-(3). Illiteracy is defined as an inability to read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Id. at § 404.1564(b)(1). Generally, an illiterate person has little or no

formal schooling. Id. However, if a plaintiff has a marginal education, then the plaintiff has an ability in reasoning, arithmetic, and language skills, which are needed to do simple, unskilled types of jobs. Id. at § 404.1564(b)(2). Generally, formal schooling at a sixth grade level or less is a marginal education. Id.

Plaintiff's contention that one can be "illiterate" and still have "an ability in reasoning, arithmetic, and language skills, which are needed to do simple jobs" is simply not true under the guidelines. The guidelines provide that a claimant who has "an ability in reasoning, arithmetic, and language skills, which are needed to do simple, unskilled types of jobs," possesses a "marginal education" and is not "illiterate" as the term is used in the guidelines. Plaintiff fails to appreciate that one cannot be both "illiterate" and have a "marginal education" under the guidelines.[2]

Furthermore, as the magistrate judge explained, there

---

[2] Plaintiff contends that the original ALJ, Judge Slahta, whose decision was remanded, found the claimant to be illiterate. (Pl Obj. at 1.) However, as the magistrate judge pointed out, although Judge Slahta referred to the plaintiff as functionally illiterate in a question to the vocational expert, he made no finding that plaintiff met the requirements of illiteracy as defined in the regulations. (PFR at 11.)

was ample evidence to suggest the plaintiff had a marginal education level. The plaintiff testified that he completed the fifth grade and attended part of the sixth grade. (Tr. 119, 410.) Testing placed him in the borderline range of intellectual functioning. (Tr. at 168, 194, 214, 268.) Also, plaintiff does not contest the testing that indicated he can read on a third grade level, spell on a second grade level, and do arithmetic on a third grade level. (Tr. at 269.) Indeed, plaintiff himself acknowledged to Kelly Rush, M.A., that he could read and write his name and simple words. (Tr. at 211.) These facts are inconsistent with plaintiff's contention that he is illiterate.

Additionally, Mareda L. Reynolds, M.A., opined the plaintiff was not limited in the ability to understand, remember, and carry out very short and simple instructions, and the plaintiff's intelligence test results were consistent with a fifth-grade education. (Tr. at 271-272.) Her opinion was entirely consistent with the plaintiff's placement in the marginal education level.

Finally, the plaintiff's education was taken into consideration as the ALJ's hypothetical question, posed to the vocational expert, included the plaintiff's fifth-grade

6

education. (Tr. at 445.) Based on plaintiff's fifth-grade education and residual functional capacity to do simple and repetitive work, the vocational expert identified three types of jobs, consisting of production factory, small hand assembly, and janitorial work, which the plaintiff could perform. (Tr. at 446.)

With respect to the remainder of plaintiff's objections that relate to the limitations included in the hypothetical question and the testimony of the vocational expert, the magistrate judge fully dealt with and adequately disposed of them in the proposed findings and recommendation. (PFR at 12-13.)

The court finds that the ALJ's decision is supported by substantial evidence. His conclusion that plaintiff was not disabled is sufficiently well founded in the record.

IV.

For the reasons stated, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. It is ORDERED that defendant's motion for judgment on the pleadings be, and it hereby is, granted, and that plaintiff's motion for judgment on the pleadings be, and it hereby is,

denied.  It is further ORDERED that the final decision of the Commissioner be, and it hereby is, affirmed.

The clerk is directed to forward copies of this order to all counsel of record and the United States Magistrate Judge.

DATED: September 19, 2005

John T. Copenhaver, Jr.
United States District Judge